UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20933-CIV-SEITZ-O'SULLIVAN

CARLOS E. LAFAURIE and SOUTH DAKOTA
TRUST COMPANY, AS TRUSTEE FOR THE
CARLOS A. LAFAURIE IRREVOCABLE
LIFE INSURANCE TRUST, AIDA M. LAFAURIE,
GISELLE LAFAURIE HANNON and CARLA LAFAURIE
THROUGH HER NEXT FRIEND GISELLE LAFAURIE HANNON,

      Plaintiffs,

v.

UBS AG,

      Defendant.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of the United States District Court for the Southern District of Florida, Plaintiffs file their Motion for Leave to File Second Amended Complaint and Incorporated Memorandum of Law. Plaintiffs move for leave to file the Second Amended Complaint, attached as **Exhibit A**, for the primary purpose of seeking punitive damages for the breach-of-fiduciary claim (Count I) and in support thereof state the following:

### I.     Relevant Factual and Procedural Background

Plaintiffs filed this action against Defendant UBS AG, stating claims arising out of UBS's management of Plaintiffs' various investment accounts, including, *inter alia*, a claim for breach of UBS's fiduciary duties relating to the investment strategies

CASE NO. 09-20933-CIV-SEITZ-O'SULLIVAN

implemented in connection with those accounts (Count I). [D.E. 20]. In Count I of the Amended Complaint, Plaintiffs requested that the Court enter an award of compensatory damages in excess of $7,000,000, plus attorneys' fees, costs, injunctive relief to maintain the status quo of the Collateral and CSV accounts, as necessary, and such other and further relief as this Court deems just and proper. [D.E. 20].

The Court entered its Order Setting Trial Date, Pretrial Deadlines and Referral to Magistrate ("Scheduling Order") on August 10, 2009. [D.E. 15]. The deadline for amending the pleadings was on August 21, 2009. The parties have been engaged in significant discovery for the past three months and recently moved to extend the discovery deadline to January 18, 2010, which the Court has granted. [D.E. 24]. Thus, the discovery process is ongoing.

Last week, Plaintiffs received the Expert Opinion Summary of Harry Dressler, who was retained by Plaintiffs as a securities consultant and expert witness for the purpose of determining whether or not industry customs, standards, regulations and rules of conduct of the industry were satisfied. See **Exhibit B**. Plaintiffs now seek to file a Second Amended Complaint to add a request for punitive damages, in light of Mr. Dressler's opinion that UBS committed a gross breach of its fiduciary duties to Plaintiffs in connection with the management of various investment accounts.

Specifically, Mr. Dressler opined that UBS and its agents abused and were grossly negligent in the performance of their fiduciary duties owing to the Plaintiffs. Mr. Dressler reached the foregoing opinion based on the following conduct of UBS: (1) Account No. YR286899 held taxable bonds, some of which were denominated as foreign currencies and constituted an unsuitable investment in a regulatory sense, given the

client's net worth and tax status and the unnecessary "currency risk" relating to such bonds; (2) the assets of Account No. YR289037 were reallocated in 2008 from 100% to 70% bonds and 30% equities, a substantial percentage of which provided insufficient yields to compensate for the substantial increase in risk associated with the reallocation; and (3) the use of an aggressive and highly volatile investment strategy in connection with Account No. 441503, which was managed on a fee basis by UBS and which held the SunLife Private Placement Variable Life Insurance Policy assets, where such a strategy was directly contrary to Plaintiffs' risk profile.  See **Exhibit B**.

In light of Mr. Dressler's expert opinion, which Plaintiffs received on November 17, 2009, Plaintiffs now seek to add the remedy of punitive damages to their claim for breach of fiduciary duty.[1]  Plaintiffs have acted diligently in the discovery process and the filing of the instant Motion for Leave.

## II.   Memorandum of Law

### A.   Applicable Standards.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). While a court has discretion to deny a proposed amendment, it must provide a substantial reason for such a denial, because "Rule 15(a) severely restricts the district court's freedom." Shipner v. Eastern Air Lines, 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberally permitting amendments).

Notwithstanding the liberal amendment policy of Rule 15(a) governing a motion to amend, when a party seeks leave to amend after a scheduling order deadline, that party

---

[1] The addition of punitive damages in Count I is the only substantive change found in the Second Amended Complaint.  Plaintiffs have also made minor changes to some of the factual allegations, in light of evidence obtained during the discovery process.

3

must first demonstrate "good cause" under Rule 16(b) before the court considers the amendment's propriety under Rule 15(a). Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n. 2, 1419 (11th Cir. 1998). In evaluating a motion to amend under Rule 16(b)'s "good cause" standard, the court's focus is on the movant's diligence. Id.; see also Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").

**B.    Plaintiffs Have Satisfied Rule 16(b)(4)'s "Good Cause" Standard for Allowing the Proposed Second Amended Complaint.**

Pursuant to Rule 16(b)(4), a Scheduling Order may be modified upon a showing of good cause and the judge's consent. This "good cause" standard will be met where a party shows that the current schedule could not "be met despite the diligence of the party seeking the extension." See Fed. R. Civ. P. 16, Advisory Notes.

Courts have consistently found the "good cause" requirement of Rule 16(b)(4) satisfied where a party promptly seeks leave to amend based on the acquisition of new information during the discovery period. See, e.g., Bowers v. Am. Heart Ass'n, Inc., 513 F. Supp. 2d 1364, 1368 (N.D. Ga. 2007) (plaintiff established good cause to modify scheduling order regarding amendment to pleadings where she did not know of factual basis for added claim prior to filing case, was diligent in her discovery efforts, and did not delay in filing her motion to amend the complaint once she became aware of the new facts); Wasdin v. Cheetah Transp, LLC, 2006 WL 3534969, *2 (M.D. Ga. 2006) (plaintiff established good cause to amend complaint to add claim for punitive damages where additional claims were based on information not available when plaintiff filed suit); Safeway, Inc. v. Sugarloaf P'ship., LLC, 423 F. Supp. 2d 531, 539 (D. Md. 2006) (finding "good cause" present where proposed amendments to complaint arose from

"new circumstances that have developed during litigation"); JVC Am., Inc. v. Guardsmark, LLC, 2006 WL 2443735 (N.D. Ga. 2006) (allowing amendment to complaint to add punitive damages, where underlying factual basis was "gleaned in discovery, and . . . Plaintiff has not been dilatory in bringing these amended causes of action" after learning of new information).

In Bowers, the plaintiff sued her former employer for racial discrimination and sought to amend her complaint to add a claim for negligent retention based on new information gleaned during the deposition of one of the defendants. See 513 F. Supp. 2d at 1366. Although the deadline for amending pleadings set by the scheduling order had already passed, the court found that the plaintiff had established "good cause":

> Regardless of whether the analysis focuses on futility as well as diligence, the Court concludes that Plaintiff has met the good cause requirement of Rule 16(b). Defendants do not argue that Plaintiff knew of [the newly discovered evidence] prior to filing the case, was not diligent in her efforts to obtain discovery, or delaying filing her motion to amend the complaint once she became aware of the new information. Indeed, Defendants do not dispute Plaintiff's assertion that she filed her proposed amendment eight days after [the deposition in which the new information was revealed].

Id. at 1368 (citation omitted).

Likewise, in Wasdin, after expiration of the applicable deadline in the court's scheduling order, the plaintiff sought to amend her complaint to add punitive damages based on information discovered during the deposition testimony of one of the defendants. The court allowed the amendment after finding that the plaintiff had exercised due diligence, and thus satisfied the "good cause" standard, because the factual basis for the added claim for punitive damages was not known to the plaintiff when she filed her suit and she had not delayed in moving for leave to file the amended pleading. 2006 WL 3554969 at *2.

Here, like in Bower and Wasdin, Plaintiffs can demonstrate good cause because they seek to add an additional remedy to one of their claims based on information which was not available to Plaintiffs before they filed suit.  While Plaintiffs were aware of UBS's ordinary negligence when they filed the complaint in this matter, in an abundance of caution under Rule 11, Plaintiffs did not seek punitive damages because the factual basis for that remedy (gross negligence, as described in Mr. Dressler's report) was not evident until UBS produced its records, including call reports and risk analyzer forms containing inaccurate information, and such records were analyzed by Mr. Dressler.  Indeed, it was only after UBS's production of documents during discovery that the retained expert could analyze UBS's conduct in connection with the Plaintiffs' accounts.  Just over one week ago, Plaintiffs learned that UBS's breach of fiduciary duties was so flagrantly below industry standards as to constitute gross negligence.

From all of these circumstances taken together – Plaintiffs did not know of factual basis for adding a punitive damages claim prior to filing this case, were diligent in their discovery efforts, and did not delay in filing the instant motion for leave to amend -- Plaintiffs have satisfied the "good cause" requirement of Rule 16(b)(4).

**C.    Plaintiffs' Proposed Amendment Does Not Evidence Undue Prejudice to the Opposing Party, Undue Delay, Bad Faith, or Futility, Within the Meaning of Foman, Thus Making Amendment Appropriate Under Rule 15(a).**

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."  The Court's substantial discretion under Rule 15(a) is guided by several considerations enumerated by the Supreme Court in the seminal case of Foman v. Davis,  371 U.S. 178 (1962).  These considerations include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or

6

repeated failure to cure deficiencies by previous amendments. Id. at 182. Notably, none of the Foman factors outlined for a denial of leave to amend exist here.

Pursuant to the Court's recent Order on the parties' joint motion to extend the time for completing discovery, the Discovery Deadline is now January 18, 2010. Thus, the parties have almost six weeks to engage in any additional discovery required by the new theory of damages, thus providing abundant time in which to develop evidence relating to punitive damages.

It cannot be said that UBS will suffer any prejudice from the amendment. Moreover, Plaintiffs have filed this Motion for Leave in a timely manner, without any undue delay or bad faith. Upon learning of Mr. Dressler's opinion relating to the degree of UBS's breach of fiduciary duties, Plaintiffs have moved for leave to file the Second Amended Complaint in just over one week (given the intervening Thanksgiving holiday) from the date of Mr. Dressler's opinion.

Finally, the proposed amendment cannot be deemed futile or legally insufficient, within the meaning of Forman, because the relevant Florida statute expressly allows the recovery of punitive damages upon a showing of such gross misconduct. See § 768.72(2), Fla. Stat.[2] Plaintiffs have alleged such gross negligence on UBS's part in breaching its duty of care in the Second Amended Complaint (Count I for breach of fiduciary duty); Mr. Dressler has already provided his expert opinion that UBS engaged

---

[2] Under Florida law, "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (emphasis added). Section 768.72, in turn, defines "gross negligence" as follows: "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." Id. at § 768.72(2)(b).

in such conduct; and Plaintiffs intend to obtain further evidence of such conduct as discovery proceeds in this matter.

**D.     Conclusion**

On this record, Plaintiffs have satisfied Rule 16(b)'s "good cause" requirement by virtue of their exercise of due diligence during the discovery process and the timely filing of this Motion upon receipt of an expert witness's opinion suggesting that punitive damages are appropriate in this case.  Under Rule 15(a), leave to amend shall be "freely given when justice so requires" and Plaintiffs believe that in light of the gross nature of UBS's breach of fiduciary duties, justice requires allowance of the recovery of punitive damages, particularly where there is no undue prejudice to the opposing party, no undue delay, no bad faith on the part of the movant, and no futility to the motion, within the meaning of Foman.  Accordingly, Plaintiffs respectfully request the Court's leave to file the attached Second Amended Complaint in this matter.

Pursuant to Local Rule 7.1.A.3, undersigned counsel certifies that she has conferred with opposing counsel in an effort to resolve the issues raised in this Motion. Defendant opposes this Motion.

Dated: December 3, 2009                      Respectfully submitted,
       Miami, Florida

                                                                  /s/ Melanie E. Damian
                                          Melanie E. Damian, Esquire
                                          Email:  mdamian@dvllp.com
                                          Florida Bar No. 0099392
                                          DAMIAN & VALORI, LLP
                                          *Counsel for Plaintiffs, Carlos LaFaurie, et al.*
                                          1000 Brickell Avenue, Suite 1020
                                          Miami, Florida 33131
                                          Telephone:  305.371.3960
                                          Facsimile:   305.371.3965

CASE NO. 09-20933-CIV-SEITZ-O'SULLIVAN

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via email and U.S. mail, this 3rd day of December, 2009, to: Sara Soto, Esq., Fowler White Burnett P.A., 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131-3300.

/s/ Melanie E. Damian
Melanie E. Damian